

# NUMBER 13-26-00461-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HENRY RODRIGUEZ, ELISA R. BALLI, AND ANNA LARA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Justice Cron[1]**

Relators Henry Rodriguez, Elisa R. Balli, and Anna Lara have filed a pro se petition

for writ of mandamus raising eight issues through which they assert, among other things,

that an April 16, 2026 order is void, opposing counsel committed fraud, the trial court

erred by consolidating the underlying proceeding with a matter pending in probate court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

and refusing to rule on relators' motions, and relators' constitutional rights have been "systematically violated" by both the trial court and the probate court. We deny the petition for writ of mandamus.

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

The relators bear the burden to establish the right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex. 1992) (orig. proceeding). That burden includes, *inter alia*, providing a clear and concise argument for the contentions made with appropriate citations to authorities and to the appendix or record. *See* TEX. R. APP. P. 52.3, 52.7; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus,

the response filed by real parties in interest Roberto Rodriguez and Gilda Phillips,[2] the record, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and all relief sought therein.

JENNY CRON<br>
Justice

Delivered and filed on the
6th day of July, 2026.

---

[2] Real parties in interest filed a motion for leave to file their second amended response to the petition for writ of mandamus. We grant their motion for leave and consider their response on the merits.